UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61958-SINGHAL/VALLE

ANNETTE DAVIS,

    Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY and FEDERAL INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Judgment on the Pleadings on Count I of the Amended Complaint based upon Defendant's Breach of Contract, filed on January 27, 2022 (the "Motion") (DE [32]). Defendant ("Defendant" or "Chubb") filed a Response on March 1, 2022 (the "Response") (DE [46]). Plaintiff filed a Reply on March 8, 2022 (the "Reply") (DE [51]). An In-Person Hearing on the Motion was held on March 15, 2022. The Motion is now ripe for consideration.

### I.    **BACKGROUND**

This action involves an insurance coverage dispute related to injuries Plaintiff allegedly suffered from exposure to toxic mold in her home. Plaintiff owned and resided in The Tides at Bridgeside Square Condominium (the "Tides"). *See* Am. Compl. ¶ 4 (DE [23]). Plaintiff sued Akam On-Site, Inc. ("Akam"), the property manager of Tides, and several other entities alleging negligent property management services in connection with annual maintenance work on a water-cooling tower at the Tides (DE [25], at 10). The botched maintenance work is alleged to have allowed water to infiltrate the condominium, causing a rampant mold infestation. *Id.* Under Akam's property management contract,

Tides designated Akam as a "named insured" under its liability policies (DE [1-8], at 267). At issue are two separate liability policies of Tides. The first policy, by AmTrust International Underwriters ("AmTrust"), insured Tides under a primary commercial general liability policy (DE [46]), at 2. The AmTrust Policy contains an "Organic Pathogen Exclusion," which excludes bodily injury, "which would not have occurred . . . but for . . . exposure to . . . any . . . '[o]rganic pathogen,'" which includes "any type of mold . . . ." *See* Am. Compl. ¶ 34.

The second policy, by Great Northern Insurance Company ("Great Northern") and Federal Insurance Company ("Federal) (together the "Chubb Insurers" and "Chubb Policies"), insured Tides under primary insurance policies issued by Great Northern and excess and umbrella policies issued by Federal. *See* Am. Compl. ¶¶ 1, 35 (DE [23]). Based on the AmTrust and Chubb policies' respective "other insurance" provisions, the Chubb policies were afforded excess priority to the primary AmTrust policies (DE [25], at 8). Chubb advised Akam of the priority of coverages and agreed to handle the matter under a reservation of rights. *Id.* at 7. Akam did not dispute this reservation for nearly two years. *Id.* at 9.

Plaintiff filed a negligence lawsuit against Akam and other defendants in state court ("the Underlying Lawsuit") (DE [32], at 2). On December 10, 2020, as trial was approaching, Chubb advised Akam it was electing its right to associate in skilled trial counsel to help defend Akam (DE [25], at 11). However, Akam objected to Chubb's attempt to associate counsel. *Id.* Plaintiff, Akam, and Tides subsequently entered into a settlement of the Underlying Lawsuit (the "Coblentz Agreement") (DE [48-2]). The Coblentz Agreement included a payment in the sum of $250,000 to be made to Plaintiff, which included $100,000 to be paid directly from Akam and $150,000 to be paid by

AmTrust on Akam's behalf. *Id.* at 7. Curiously, AmTrust was not a party to the Coblentz Agreement. *Id.* at 1. Second, the Coblentz Agreement assigned to Plaintiff all of Akam's claims against the Chubb Insurers arising out of their alleged denial of coverage for, and alleged refusal to defend Akam against, Plaintiff's negligence claims in the Underlying Lawsuit. *Id.* at 7. Third, the Coblentz Agreement included a consent judgment in favor of Plaintiff for $14.5 million and specified that "Davis' right to seek satisfaction of the Consent Judgment [was] solely against [the Chubb Insurers] and the [Chubb Policies]." *Id.* at 8. Plaintiff now moves for Judgment on the Pleadings on Count I of the Amended Complaint.

## II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed, a party may move for judgment on the pleadings if no material facts remain at issue and the parties' dispute can be resolved on the pleadings and those facts of which the court can take judicial notice. *See* Fed. R. Civ. P. 12(c); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*

## III. **DISCUSSION**

Plaintiff focuses her argument on whether the AmTrust primary policy provided coverage for her claim, and specifically, whether the Organic Pathogen exclusion applied. *See* Motion, at 9–11. According to Plaintiff, the Organic Pathogen exclusion did apply and thereby released AmTrust from its duty to defend and indemnify Akam. *Id.* This, in turn,

3

activated the Chubb Policies, requiring that the Chubb Insurers provide a defense and indemnity to Akam *Id.* However, the Chubb Insurers allege in their answer, affirmative defenses, and counterclaim, that AmTrust did in fact defend and indemnify Akam. *See* (DE [25], at 1–9). Six of Chubb's denials specifically relate to Plaintiff's allegations regarding coverage under the AmTrust policy and whether the Organic Pathogen exclusion applied. *See* (DE [25] ¶¶ 32–34, 37, 41, 44). Moreover, Chubb alleges several affirmative defenses providing factual information concerning AmTrust's primary coverage. See (DE [25], at 7–8). Specifically, Chubb alleges it had no duty to defend and indemnify Akam because the AmTrust policies are primary to the Chubb Policies, and AmTrust was in fact fully defending and indemnifying Akam. *See* Response, at 7. Moreover, Chubb alleges that it, at no time, denied its duty to defend or the possibility of coverage. *Id.* Chubb further states it handled the Underlying Lawsuit under a complete reservation of rights, which was accepted by Akam. *Id.*

In considering the Motion, the Court must not only accept the nonmovant Chubb's allegations as true but must also view those allegations in the light most favorable to Chubb. *See Perez*, 774 F.3d at 1335. And if a comparison in the pleadings reveals a material dispute of fact, judgment must be denied. *Id.* Here, the pleadings directly butt heads on whether AmTrust did in fact defend Akam. Plaintiff argues that, even though AmTrust contributed funds to Plaintiff on Akam's behalf in connection with settling the Underlying Action, as indicated in the Coblentz Agreement, this did not constitute a defense of Akam, but rather a voluntary payment to settle the matter. In Plaintiff's view, AmTrust's policy did not provide coverage because of the Organic Pathogen exclusion. Defendant argues the fact that AmTrust contributed funds to Plaintiff on Akam's behalf in connection with settling the Underlying Action, as indicated in the Coblentz Agreement,

4

necessarily means that AmTrust did in fact defend Akam and impliedly waive the Organic Pathogen exclusion. Defendant further alleges that AmTrust fully defended Akam and assumed the primary responsibility for the Underlying Action. *See* (DE [48-1], at 9–10). Viewed in the light most favorable to Chubb, and accepting all of Chubb's allegations as true, the Court finds AmTrust defended Akam by contributing funds to Plaintiff on Akam's behalf in connection with settling the Underlying Action, as indicated in the Coblentz Agreement. And in doing so, AmTrust necessarily waived the Organic Pathogen exclusion. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Judgment on the Pleadings on Count I of the Amended Complaint based upon Defendant's Breach of Contract (DE [32]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF